UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEIL SCOTT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MERRICK GARLAND *et al.*,<br><br>　　　　　Defendants. | Case No. 2:21-cv-01473-RFB-DJA<br><br>**ORDER** |

Plaintiff filed the Complaint in this matter on August 9, 2021. ECF No. 1. Plaintiff seeks to pursue an action against United States Attorney General Merrick Garland and Nevada Secretary of State Barbara Cegavske. Plaintiff asserts that federal jurisdiction is proper because he brings claims pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and 42 U.S.C. § 1983. Plaintiff's Complaint boils down to one theory – that under the United States Constitution and the Voting Rights Act and Civil Rights Act, Plaintiff is entitled to vote for the President and Vice President of the United States separately, rather than on the same ticket. Plaintiff seeks the following relief: "to have political parties that receive tax-payer funds have a two-track nomination process for President and Vice President," and "to have the federal presidential and vice-presidential election ballot printed according to constitutional offices and not by political party."

"Federal courts are required *sua sponte* to examine jurisdictional issues such as standing." B.C. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir. 1999); see also Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). "The standing requirements of Article III are familiar. A plaintiff must show that (1) he or she has suffered a 'concrete and particularized' injury to a cognizable interest, (2) which is 'fairly traceable to the challenged action

of the defendant' and (3) which likely can be redressed by a favorable decision." <u>Nat'l Council of La Raza v. Cegavske</u>, 800 F.3d 1032, 1039 (9th Cir. 2015) (quoting <u>Bennett v. Spear</u>, 520 U.S. 154, 167 (1997). The Court finds that Plaintiff lacks standing to pursue the requested relief. The injury that Plaintiff asserts is purported "post-traumatic stress [from] seeing the President rally a mob against the Vice President." The Court finds that Plaintiff has failed to assert any concrete and particularized injury to any cognizable interest. Moreover, Plaintiff does not allege how the asserted injury is attributable to the actions of either Merrick Garland or Barbara Cegavske. Furthermore, it is well-established that an asserted injury must be of individual concern, rather than of general interest common to all members of the public. <u>See</u> <u>United States v. Richardson</u>, 418 U.S. 166, 176-77 (1974). Plaintiff's Complaint – which is premised on the notion that members of the American public have constitutional and statutory rights to vote for presidential and vice-presidential candidates of different parties and on different tickets – asserts only a generalized grievance, as opposed to a personal injury. Because Plaintiff lacks standing to pursue the relief requested, the Court finds that it lacks jurisdiction and dismisses the case with prejudice, as amendment would be futile.

**IT IS THEREFORE ORDERED** that the case is dismissed with prejudice. The Clerk of the Court is instructed to close this case.

DATED: <u>August 9, 2022</u>

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**